MORT. L. O'CONNELL, RELATOR, v. MARTIN J. TOOLEN, DEFENDANT.

Argued January 21, 1930—Decided July 21, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the relator, *William George.*

For the defendant, *Edward O. West.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This proceeding was instituted to test the right of the defendant, Toolen, to the office of jury commissioner of Bergen county. He was appointed to that office by Governor Larson on April 1st, 1929, pur-

suant to the authority conferred by chapter 17 of the laws of that year. At the time of his appointment, the sheriff of the county was a Republican. The statute of 1929, under which the defendant was appointed, provided that in each county of this state there shall be appointed by the governor, with the advice and consent of the senate, one citizen resident therein, who shall not be a member of the same political party as the sheriff, and who, together with the sheriff of such county, shall constitute and be designated as the jury commission. By virtue of this act the governor was required to appoint a Democrat as jury commissioner of Bergen county. The relator bases his challenge to the right of Toolen to hold the office of jury commissioner upon the fact that the latter, when he was appointed, was a Republican.

The defendant admits that at the primary elections held in Bergen county in June, 1927, and in May, 1928, he voted in the Republican primary, but he denies that he now is or ever was a Republican or a member of the Republican party, and on the contrary, affirmatively avers that he always has been and still continues to be a Democrat and a member of the Democratic Party. This statement appears in the fourth paragraph of his amended plea, and that plea is sworn to by him. He states in his affidavit that "in so far as the statements therein [that is, in the plea] refer to my own acts, they are true." There is nothing in the testimony taken in the present case which controverts this sworn statement that the defendant had always been and still continues to be a member of the Democratic party, except the fact that on the two occasions to which we have referred, he voted in the Republican primary box. But, that fact does not make him a member of that party; and this is recognized by the legislature, for in the revision of the Election law of 1920, page 832, section 25 of article 31, it declares that "any person who, being a member of one political party, shall vote in the ballot box used in the primary election for another political party, shall in each case be guilty of a misdemeanor, and on conviction shall be punished by a fine not exceeding $500 or by imprisonment not exceeding two years, at the discretion of

the court." According to the sworn statement of the defendant he, by voting in the Republican primary box, although when he did so he was a Democrat, was guilty of a misdemeanor under the section referred to, and because of such guilt is subject to a fine or imprisonment as a criminal. The fact, however, that the governor appointed a criminal as a jury commissioner (of course, being ignorant that he was doing so when he made the appointment) does not make the appointment illegal; for when it was made the defendant had not been convicted of the crime of which he now admits himself to have been guilty. In view of the facts recited, it cannot be held that the appointment of the defendant to the office of commissioner of juries was illegal, and this being so, the defendant is entitled to judgment on the information. The proper course to pursue, as it seems to us, is to bring the matter to the attention of the governor, who has full power under the statute to peremptorily remove the defendant from his office without a hearing. This power is conferred by section 3 of the statute already referred to.